IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. _____

DOUKAS SIOTKAS,

    Plaintiff,

vs.

TOP JET, LLC; TOP PARK SERVICES,
LLC, f/k/a BRANDO MANAGEMENT
SERVICES, LLC; TIME OUT
COMMUNITIES, LLC; and TIME OUT
PROPERTIES, LLC,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, DOUKAS SIOTKAS, by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 3, hereby files this Complaint and Demand for Jury Trial against the following Defendants: (a) TOP JET, LLC ("Top Jet"); (b) TOP PARK SERVICES, LLC, f/k/a BRANDO MANAGEMENT SERVICES, LLC ("Top Park"); (c) TIME OUT COMMUNITIES, LLC ("TIME OUT COMMUNITIES"); and (d) TIME OUT PROPERTIES, LLC ("TIME OUT PROPERTIES"). Plaintiff states the following in support of his claims:

**NATURE OF THE ACTION**

    1.    This action seeks damages and other relief based on Plaintiff's termination from employment with Top Jet because of his association with an individual, Josh Smart ('Smart"), Plaintiff's domestic partner, and for the Top jet's initiating meritless litigation against Plaintiff in retaliation for his filing a charge of discrimination. Smart had informed his employer that he intended to file (and ultimately did file) a charge of discrimination against Smart's employer, Top

Park. Threatening to file a charge of discrimination with the EEOC alleging discrimination is protected activity under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. 2000e-(3), and the Florida Civil Rights Act of 1992, § 760.01 et seq., Florida Statutes, as amended ("the FCRA").

2. Retaliation against someone closely associated with the person exercising his or her statutory rights under Title VII to oppose discrimination can be challenged by both the individual who engaged in protected activity and the person who suffered the adverse action, where both are employees. EEOC Compliance Manual § 8–II(B)(3)(c)(1998); s*ee also Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 179 (2011) (employer violated Title VII's anti-retaliation provisions when it fired employee after fiancé -- also an employee with the same company -- filed charge with EEOC alleging sex discrimination).

3. Plaintiff also asserts claims under analogous provisions of the Florida Civil Rights Act. "Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII." *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).

4. The four defendant limited liability companies operate as an integrated enterprise or single employer by virtue of their common management, the interrelations of their operations, the centralized control over their human resources function, and their common ownership. The separate entities that form an integrated enterprise are treated as a single employer for purposes of both coverage and liability under Title VII and the FCRA, and relief can be obtained from any of the entities that form part of the integrated enterprise.

## THE PARTIES

5. TOP JET LLC ("Top Jet"), is a Florida Limited Liability Company whose principal address is 401 Las Olas Blvd., Suite 130-161, Fort Lauderdale, Florida. Its owner and sole officer listed with the Florida Secretary of State is Mike Bender.

6. TIME OUT COMMUNITIES, LLC ("Time Out Communities") is a Delaware Limited Liability Company whose principal address is 401 Las Olas Blvd., Suite 130-161, Fort Lauderdale, Florida. Its officers as reflected in filings with the North Carolina Secretary of State are Mike Bender and (at one time) Mark King, Esq.

7. TIME OUT PROPERTIES, LLC ("Time Out Properties") is a Delaware Limited Liability Company whose principal address is 401 Las Olas Blvd., Suite 130-161, Fort Lauderdale, Florida. Time Out Properties does not appear to be authorized to do business in any of the states where it is known to do business. It lists as its website on its LinkedIn web page Time Out Communities' web site.

8. TOP PARK SERVICES, LLC, f/k/a BRANDO MANAGEMENT SERVICES, LLC ("Top Park"), is a Delaware Limited Liability Company whose principal address is 401 Las Olas Blvd., Suite 130-161, Fort Lauderdale, Florida. Its owner is Mike Bender and its Chief Executive officer is Matt Ring.

9. Plaintiff was employed by Top Jet as Chief Pilot. Plaintiff piloted an aircraft believed to be owned by Top Jet for senior officers of all of the related companies.

## VENUE AND JURISDICTION

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as the cause of action arises under federal statute, to wit, the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-(3).

11. This Court has supplemental jurisdiction over the state law claim alleged herein pursuant to 28 U.S.C. § 1367 because the state law claim is related to the federal claim in the action within the Court's original jurisdiction such that they form part of the same case or controversy.

12. Top Jet's principal place of business is in Broward County, and this action accrued in Broward County where Plaintiff worked for Top Jet, where he was unlawfully terminated, and where a substantial part of the events or omissions giving rise to the claim occurred. In addition, Top Park's principal place of business is in Broward County. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2).

## ADMINISTRATIVE PREREQUISITES

13. Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about August 8, 2018, alleging retaliation and naming as respondents all four defendants.

14. The EEOC issued its Right to Sue Notice on April 16, 2019.

15. More than 180 days have expired since Plaintiff filed his charge of discrimination with the FCHR, and the FCHR has neither conciliated nor issued a determination of whether there is reasonable cause.

16. This case was initiated in this Court within 90 days of Plaintiff's receipt of his Notice of Right to Sue from the EEOC.

## FACTUAL ALLEGATIONS

**A.  The Defendants are an Integrated Enterprise**

17. The four defendants are owned by Neil (Mike) Bender ("Bender").

18. Ring and Bender are senior officers of all four defendant companies, and both are active in their management.

4

19. Control over the human resources function is centralized for all the defendants.

20. Defendants utilize nearly identical hiring processes and practices for all personnel activities.

21. There is only one employee manual used for all companies and their employees.

22. Top Jet uses Top Park's personnel policies and does not have employment policies of its own.

23. All four defendants use the same personnel to administer the human resources function. The persons making employment decisions for all four defendant companies is the same.

24. The same person (Mark King, General Counsel of all defendants) terminated both Plaintiff and Mike Smart (Plaintiff's brother who worked for Top Park) on the same day, using the same form document.

25. Although Plaintiff ostensibly worked for Top Jet, at the time of Plaintiff's separation from employment, Plaintiff was tendered a separation notice that identified the employer as Brando Management Services (again, Brando had recently changed its name to Top Park).

26. Although Plaintiff ostensibly was an employee of Top Jet, upon hire, he was required to sign a verification that he had read the Top Park Employee Manual (under its former name Brando Management Services).

27. Upon hire, Plaintiff was required as a condition of employment with Top Jet to sign a Non-solicitation, Non-competition and Confidentiality Agreement where the contracting party was Time Out Properties.

28. Plaintiff's health benefits were provided through Time Out Communities' group health insurance policy.

29. Both Top Park and Top Jet (and perhaps the other companies) use the same professional employer organization and payroll service to administer the payroll and certain human resources functions.

30. All four companies use the same office space at 401 Las Olas Blvd., Suite 130-161, Fort Lauderdale, Florida

31. Top Jet exists to serve the transportation needs of the other defendant companies and does not market or provide its services to any other person or entity or otherwise pursue business interests separate from the other defendant companies.

32. Accordingly, Top Jet and Top Park/Brando, as well as Time Out Communities and Time Out Properties, are an "integrated enterprise" and a "single employer" as described in the EEOC Enforcement Manual, § 2 – III(B)(1)(a)(iii)(a).

### B. Plaintiff's Employment

33. Plaintiff began his employment with Top Jet on January 23, 2018, where he was employed as Chief Pilot. Plaintiff piloted an aircraft believed to be owned by Top Jet for senior officers of all of the Defendant companies.

34. Plaintiff's brother, Josh Smart, worked for Top Park as a personal trainer to senior management.

35. Mike (Neil) Bender is the owner of Top Park and Top Jet.

36. Beginning on or about August 2017, Matthew Ring became the President of Top Park (then called Brando Management).

37. On July 25, 2018, Josh Smart, through his attorney, sent a letter to Mark King ("King"), Chief Legal Counsel for Top Park, stating that he planned to file a charge of discrimination with the EEOC. The letter included a draft charge of discrimination wherein

6

Plaintiff alleged sexual harassment and retaliation. The draft charge of discrimination identified Bender and Ring as the ones who had been sexually harassing Josh Smart.

38. A few days after Top Park received Josh Smart's draft charge of discrimination and accompanying letter, on or about July 25, 2018, Top Park terminated Plaintiff's employment.

39. Josh Smart did in fact file his charge of discrimination on August 6, 2018.

40. Plaintiff was told by King that he was being terminated on the advice of counsel and did not otherwise provide any rationale for the decision to terminate Plaintiff's employment.

41. Prior to the date of his termination, Plaintiff was never told that the Company was unhappy with his work performance.

42. On the same day that Plaintiff was terminated from employment, Josh Smart's brother, Mike Smart, was terminated from his employment with Top Park. When pressed by Mike Smart as to why he was being terminated, Mark King refused to provide an answer other than to say that the decision was on the advice of counsel. King further stated that the decision had nothing to do with Plaintiff's job performance and that his (Mike Smart's) job performance was exemplary. Further, King told Mike Smart that he had not violated any company policies.

43. On October 1, 2018, Top Jet initiated civil litigation against Plaintiff alleging that he had damaged its aircraft while transporting senior officers to and from Indianapolis.

44. Prior to the filing of Plaintiff's charge of discrimination, the Company had not accused Plaintiff of damaging its aircraft. While employed by Top Jet, Plaintiff had not been disciplined, written up, reproved, or otherwise blamed for any damage to the aircraft.

45. There was no legitimate basis for the allegation that Plaintiff had damaged the aircraft and the litigation was advanced for the purpose of retaliating against Plaintiff.

## COUNT I – RETALIATION
## VIOLATION OF TITLE VII

46. Plaintiff reasserts his allegations in Paragraphs 1 through 45 as if fully set forth herein.

47. Title VII prohibits retaliation against an employee for opposing conduct which would violate the terms of Title VII.

48. Threatening to file with the EEOC a charge of discrimination is protected activity under Title VII.

49. Josh Smart opposed sexual harassment and retaliation which is prohibited by Title VII when he threatened to file a charge of discrimination with the EEOC.

50. Retaliation against a person closely associated with an individual who opposed discrimination or threatened to file a charge of discrimination can be challenged by both the individual who engaged in protected activity and the associated person, where both are employees.

51. Top Jet terminated Plaintiff in an effort to harm Josh Smart for his (Josh Smart's) complaints about Bender and Ring's sexual harassment.

52. Top Jet's alleged bases for Plaintiff's termination are pretextual and have been asserted only to cover up the retaliatory nature of Top Park's conduct.

53. Top Park initiated meritless litigation against Plaintiff because he filed a charge of discrimination against the Defendants.

54. As a result of Top Park's conduct described above, taken for the purpose of retaliating against Plaintiff in violation of Title VII, Plaintiff has suffered mental anguish, loss of dignity, and other intangible injuries.

55. Plaintiff also requests punitive damages as authorized by Title VII.

56. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff requests judgment against Top Park and an award of economic damages, compensatory damages, punitive damages, and attorney's fees and costs as a result of Top Park's conduct in violation of Title VII.

## COUNT II -- RETALIATION
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

57. Plaintiff reasserts his allegations in Paragraphs 1 through 45 as if fully set forth herein.

58. The FCRA prohibits retaliation against an employee for opposing conduct which would violate the terms of the FCRA.

59. Threatening to file with the EEOC or the FCHR a charge of discrimination is protected activity under the FCRA.

60. Josh Smart opposed sexual harassment and retaliation which is prohibited by the FCRA when he threatened to dual file a charge of discrimination with the EEOC.

61. Retaliation against a person closely associated with an individual who opposed discrimination or threatened to file a charge of discrimination can be challenged by both the individual who engaged in protected activity and the associated person, where both are employees.

62. Top Jet terminated Plaintiff in an effort to harm Josh Smart for his (Josh Smart's) complaints about Bender and Ring's sexual harassment.

63. Top Jet's alleged bases for Plaintiff's termination are pretextual and have been asserted only to cover up the retaliatory nature of Top Jet's conduct.

64. Top Jet initiated meritless litigation against Plaintiff because he filed a charge of discrimination against the Defendants.

65. As a result of Top Jet's conduct described above, taken for the purpose of retaliating against Plaintiff in violation of the FCRA, Plaintiff has suffered mental anguish, loss of dignity, and other intangible injuries.

66. Plaintiff also requests punitive damages as authorized by the FCRA.

67. Plaintiff further seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff requests judgment against Top Park and an award of economic damages, compensatory damages, punitive damages, and attorney's fees and costs as a result of Top Park's conduct in violation of the FCRA.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all claims stated herein for which Florida law provides a right to trial by jury.

Dated: April 25, 2019

Respectfully submitted,

*/s/ Richard D. Tuschman*
Richard D. Tuschman, Esq.
Florida Bar No. 907480
E-mail: rtuschman@gtemploymentlawyers.com
Secondary E-mail: assistant@gtemploymentlawyers.com
**RICHARD D. TUSCHMAN, P.A.**
8551 W. Sunrise Boulevard, Suite 303
Plantation, Florida 33322
Tel: (954) 369-1050 | Fax: (954) 380-8938

*/s/ Mark J. Beutler*
Mark J. Beutler, Esq.
Fla. Bar No. 0023400
Email: mjb@mjbpa.com
**LAW OFFICES OF MARK J. BEUTLER, P.A.**
9100 S. Dadeland Boulevard – Suite 1500
Miami, Florida 33156
Tel: (786) 497-7710 | Fax: (786) 513-4651

*Attorneys for Plaintiff*